# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Owen, Rosa Borowski and Palm International LTD

### DEFENDANTS
Sean Walsh and Lewis Brisbois Bisgaurd and Smith LLP

**(b)** County of Residence of First Listed Plaintiff: Oakland County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Harris County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Private Firm, 125 E. Third St. Ste. 100, Rochester, MI, 48307
Reese Serra (P74482), 248-781-4500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [X] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
MCL 600.5805, MCL 600.5838

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** $2,714,313.79
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?      ☐ Yes    ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.         Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes    ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY OWEN, an individual,
ROSA BOROWSKI, an individual, and
PALM INTERNATIONAL LTD,
a Michigan limited liability company,

    Plaintiff,                                           Case No. 25-

    v.                                                      Hon.

SEAN WALSH, an individual, and
LEWIS BRISBOIS BISGAARD & SMITH LLP,
a Texas limited liability partnership,

    Defendants.

---

THE PRIVATE FIRM PLLC
Reese Serra, Esq. (P74482)
Mateusz Wozniak (P78554)
*Attorneys for Plaintiffs*
125 E Third St, Ste. 100
Rochester, MI 48307
(248) 781-4501
info@thefirm.net

---

## **VERIFIED COMPLAINT**

There is no other pending or resolved civil action arising
out of the transactions or occurrences alleged in this Complaint.

                                /s/ *Reese Serra*
                              REESE SERRA (P74482)

NOW COME Plaintiffs, JEFFREY OWEN, an individual ("Owen"), ROSA BOROWSKI, an individual ("Borowski"), and PALM INTERNATIONAL LTD, a Michigan limited liability company in good standing ("Palm") (collectively, "Plaintiffs"), by and through their undersigned counsel, and for their Verified Complaint against Defendants SEAN WALSH, an individual ("Defendant Walsh") and LEWIS BRISBOIS BISGAARD & SMITH LLP, a Texas limited liability partnership, ("Defendant LBB&S) (collectively, "Defendants"), state as follows:

## JURISDICTION AND PARTIES

1. This is a legal malpractice case.

2. This Court has federal question jurisdiction pursuant to 28 § USC 1332.

3. Plaintiff Owen is an individual residing in Oakland County, Michigan.

4. Plaintiff Borowski is an individual residing in Macomb County, Michigan.

5. Plaintiff Palm, is a Michigan limited liability company with its principal place of business in Oakland County, Michigan.

6. Defendant Walsh, is, and was at all pertinent times, an attorney at law licensed to practice in the State of Michigan and the State of Texas.

7. Defendant Walsh was employed by The Walsh Law Group PLLC in the State of Michigan.

8. At all times relevant to this Complaint, Defendant Walsh was an

employee or agent, actual or ostensible, of The Walsh Law Group PLLC and at all times acted within the course and scope of that relationship.

9. Defendant Walsh is currently or was formerly employed by Defendant LBB&S in the State of Texas.

10. Defendant LBB&S is a law firm with its corporate office located in Los Angeles, California and conducting business in Houston, Texas.

11. At all times relevant to this Complaint, Defendant Walsh was an employee or agent, actual or ostensible, of Defendant LBB&S and at all times acted within the course and scope of that relationship.

12. To Plaintiffs' knowledge Defendant Walsh has been disbarred from the practice of law in the State of Texas.

13. Accordingly, Defendant LBB&S is liable to the Plaintiffs on the basis of *respondeat superior* and/or vicarious liability, in addition to any claims of direct liability.

14. Defendants, jointly and severally, represented Plaintiffs in the United States Bankruptcy Court in the Eastern District of Michigan, Southern Division Case Number 23-04068-tjt ("Bankruptcy Case"), assigned to the Honorable Thomas J. Tucker.

15. The amount in controversy is at least $2,714,313.79, exclusive of interest, attorney's fees, and costs.

## FACTUAL BACKGROUND & GENERAL ALLEGATIONS

16. On February 3, 2023, Plaintiffs had a Complaint filed against them in the United States Bankruptcy Court in the Eastern District of Michigan, Southern Division, originally assigned Case No. 21-41019, then became Adv. Proc. No. 23-04068-tjt.

17. In early 2023, Plaintiffs hired Defendant Walsh from The Walsh Group PLLC to represent their interests in the Bankruptcy Case.

18. On March 28, 2023 Defendant Walsh filed an Answer to the Bankruptcy Complaint.

19. Upon information and belief, in mid-2023 Defendant LBB&S acquired Defendant Walsh's book of business including the Bankruptcy Case.

20. Thereafter, Defendant Walsh did not provide any further updates to Plaintiffs, all the while assuring Plaintiffs that everything was going well.

21. Plaintiffs had numerous court documents filed against them following the submitted Answer, including various Notice of Deficiencies, Requests for Admission (5-30-2023), Notice to Take Deposition (1-5-2024) and ultimately the Motion for Summary Judgment filed on 2-7-2024, all of which were ignored and left unanswered by Defendant Walsh.

22. Unbeknownst to Plaintiffs, in mid-2023 Defendant Walsh abandoned the Walsh Group PLLC of which he was the only member and employee and moved to Texas to work for Defendant LBB&S as a partner.

23. Upon information and belief in mid-2023 Defendant LBB&S acquired

Defendant Walsh's book of business, including the Bankruptcy Case.

24. Defendants abandoned all their clients in Michigan, specifically Plaintiffs, and never provided any other action on their behalf.

25. Furthermore, Defendant Walsh never informed his clients that he would no longer be representing them, or that he was leaving the state altogether, so that they may secure new representation.

26. Defendant LBB&S vicariously took on all of Defendant Walsh's clients as a result of their employment of Defendant Walsh, and either neglected to inquire as to his client case load in Michigan, or otherwise acted in blatant indifference to his obligations, which constitutes gross negligence.

27. On February 22, 2024, the Motion for Summary Judgment filed against the Plaintiffs was granted and the Plaintiffs received a Judgment against them in the amount of $2,714,313.79, exclusive of attorney fees and costs.

## COUNT I
## Legal Malpractice

28. Plaintiffs incorporate by reference all allegations contained in this Verified Complaint as though fully set forth herein.

29. Defendants owed Plaintiffs the duty to provide them with such services as would attorneys of ordinary learning, judgment and skill when confronted by the same or similar circumstances.

30. Defendants owed Plaintiffs the duty to comply with the Michigan Rules

of Professional Conduct.

31. Defendant Walsh undertook the case and formed an attorney-client relationship with Plaintiffs by taking them on as clients and filing an answer on their behalf.

32. This relationship transferred to and was assumed by LBB&S upon their employment of Defendant Walsh and purchase or assumption of the Defendant Walsh's book of business.

33. Defendants negligently failed to represent Plaintiffs, in any capacity, engaged in Bankruptcy litigation by ignoring all filings by the opposition and ultimately leading to a Summary Judgement being entered against them in excess of $2,714,313.79 and permitted a default judgment to arise.

34. Defendants breached the standard of practice or care, including but not limited to each of the following ways:

    a. Failed to provide competent representation;

    b. Failed to respond to all pleadings filed against Plaintiffs after filing the Answer to the Complaint on March 28, 2023 including deficiency notices issued by the Court and a Motion for Summary Judgment was filed on February 7, 2024, which lead to a default judgment to be entered against Plaintiffs;

    c. Failed to provide any communications to Plaintiffs about the case.

35. As a direct and proximate result of the acts and omissions of Defendants breaches of the standard of practice or care, Plaintiffs have been harmed and damaged in excess of $2,714,313.79, in addition to attorney fees and costs associated with defending the Bankruptcy litigation, having to file this litigation, and extreme damage to their financial and legal condition.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in its favor against Defendants for Count I in excess of $2,714,313.79, plus interest, attorney's fees, costs, and any other relief the Court deems appropriate.

## COUNT II
### Breach of Fiduciary Duty

36. Plaintiffs incorporate by reference all allegations contained in this Verified Complaint as though fully set forth herein.

37. Defendant Walsh entered into an attorney-client relationship to represent Plaintiffs in their Bankruptcy case.

38. After filing the Answer, Defendant Walsh did not represent Plaintiffs' interests at all; rather he ignored all filings by the Court and by the opposing party, and never relayed any messages to Plaintiffs as to the status of the case.

39. Defendants breached the professionally expected and acceptable standards of practice and/or care in each of the following ways, including but not limited to:

    a. Failure to provide competent representation;

    b. Failure to respond to all pleadings filed against Plaintiffs after filing the Answer to the Complaint on March 28, 2023 including deficiency notices issued by the Court, and a Motion for Summary Judgment was filed on February 7, 2024, which lead to a default judgment to be entered against Plaintiffs;

    c. Failure to provide any communications to Plaintiffs about the case.

40. In mid-2023 Defendant Walsh was employed as a partner by Defendant LBB&S.

41. The attorney-client relationship between Defendant Walsh and Plaintiffs was transferred to, and assumed by, Defendant LBB&S upon their employment of Defendant Walsh.

42. Based on Defendants' actions or inactions Plaintiffs received a Summary Judgment entered against them in excess of $2,714,313.79.

43. As described herein, Defendants' actions were either intentionally negligent or grossly negligent.

44. Defendants' actions, as described herein, were wrongful and caused Plaintiffs substantial financial and legal damages.

45. Plaintiffs' damages due to Defendants' wrongful damages are continuing.

    WHEREFORE, Plaintiffs request that this Honorable Court enter a judgment

in its favor against Defendants for Count II in excess of $2,714,313.79, plus interest, attorney's fees, costs, and any other relief the Court deems appropriate.

### PLAINTIFFS' VERIFICATION:

I certify that the above information is true to the best of my knowledge, information, and belief.

X _____  Date: June 5, 2025
**Jeffrey Owen**

X _____  Date: June 5, 2025
**Rosa Borowski**

X _____  Date: June 5, 2025
**Palm International LTD**
**By: Jeffrey Owen, its President**

Respectfully submitted,

THE PRIVATE FIRM PLLC

Dated: August 26, 2025

/s/ *Reese Serra*
Reese Serra (P74482)
Mateusz Wozniak (P78554)
Attorneys for Plaintiff
125 E Third St, Ste. 100
Rochester, MI 48307
248-781-4500
info@thefirm.net